UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| EZEQUIEL REYNA, JR., | § § | |
| V. | § § | CIVIL ACTION NO. _____ |
| TERMINIX INTERNATIONAL LIMITED PARTNERSHIP | § § § | JURY DEMANDED |

**DEFENDANT THE TERMINIX INTERNATIONAL COMPANY LIMITED PARTNERSHIP, INCORRECTLY NAMED AS TERMINIX INTERNATIONAL LIMITED PARTNERSHIP'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant THE TERMINIX INTERNATIONAL COMPANY LIMITED PARTNERSHIP, incorrectly named as TERMINIX INTERNATIONAL LIMITED PARTNERSHIP, ("TERMINIX"), files its notice of removal of this civil action to the United States District Court for the Southern District of Texas, McAllen Division.  In support of this Notice of Removal, Defendant respectfully shows as follows:

1.      On December 17, 2019, Plaintiff Ezequiel Reyna, Jr. filed his Original Petition in Cause No. CL-19-6652-B; *Ezequiel Reyna Jr. v. Terminix International Limited Partnership*, in the County Court of Law No. 2 of Hidalgo County, Texas, naming as the Defendant, Terminix International Limited Partnership.  Defendant Terminix was served with the citation and petition on December 31, 2019.  This notice of removal is therefore timely under 28 U.S.C. § 1446(b).

2.      True and correct copies of all documents filed in the state court proceeding are attached hereto and incorporated herein by reference. Attached as Exhibit A to this Notice of Removal is an index and certified copies of the documents filed in the state court proceeding. Attached as Exhibit B is a list of all counsel of record.

3. This case is removable under 28 U.S.C. § 1441, and the Court has jurisdiction over this matter, because this suit involves a controversy between citizens of different states, and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00. *See* 28 U.S.C. §§ 1332 and 1441.

4. There is complete diversity between the parties. At the time of the filing of this action, and at the time of removal, Plaintiff was and is a citizen of the State of Texas. Defendant The Terminix International Company Limited Partnership is a Delaware limited partnership with its principal place of business in Tennessee. Its general partner is Terminix International, Inc., which is a Delaware corporation with its principal place of business in Tennessee. Terminix International, Inc. is a wholly-owned subsidiary of The ServiceMaster Company, LLC, a Delaware limited liability company with its principal place of business in Tennessee.

5. A limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens. *See Carden v. Arkoma Associates*, 494 U.S. 185, 195-96, 110 S.Ct. 1015, 1021-22, 108 L.Ed.2d 157 (1990); *see also Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). In determining the citizenship of a general or limited partner, the Court examines the principal place of business and state of incorporation of each partner. *Carden*, 110 S.Ct. at 1021-22. Accordingly, Defendant The Terminix International Company L.P. is a citizen of Delaware and Tennessee. As the citizenship of Plaintiff and Defendant are of different states, there is complete diversity of citizenship.

6. The matter or amount in controversy in this suit exceeds the sum of $75,000.00, exclusive of interest and costs. In his Original Petition, Plaintiff specifically pleads "monetary relief over $100,000 but not more than $200,000." *See* paragraph II "Rule 47 Statements" in

2

Plaintiff's Original Petition, attached as item 2 to Exhibit A.  Therefore, the amount in controversy exceeds the requirement for removal.

9.In his Original Petition, Plaintiff claims several categories of damages.  *See* paragraph 44 in Plaintiff's Original Petition, item 2 to Exhibit A.  Plaintiff alleges the following damages:

(a)Specific performance of Defendants obligations pursuant to the Liquid Defend System Plan;
(b)Compensatory damages for injuries including, but not limited to, pecuniary losses, in the maximum amount authorized by law;
(c)Pre-judgment and post-judgment interest at the highest rate allowed by law;
(d)Actual and consequential damages;
(e)Trebled damages pursuant to Texas DTPA;
(f)Reasonable and necessary attorneys' fees; and
(g)Costs of Court;

*See* paragraph 44 in Plaintiff's Original Petition, item 2 to Exhibit A.

10.This Notice of Removal will be provided to Plaintiff by service of a copy upon her counsel of record, in accordance with 28 U.S.C. §1446(d).  Further, a copy of this Notice of Removal will be filed with the District Clerk of Hidalgo County, in accordance with 28 U.S.C. §1446(d).

11.Therefore, Defendant The Terminix International Company Limited Partnership, prays that this cause be removed from the County Court at Law No. 2 of Hidalgo County, Texas to this Court, and for all other relief to which Defendant may be entitled.

Respectfully submitted,

HARTLINE BARGER LLP

/s/ *Richard W. Crews, Jr.*
Richard W. Crews, Jr.
State Bar No. 05075500
Federal No.: 2430
rcrews@hartlinebarger.com
Kristen L. Vela
State Bar No. 24107950
Federal No.: 3310413
kvela@hartlinebarger.com
800 North Shoreline, Suite 2000, North Tower
Corpus Christi, Texas  78401
Telephone:  (361) 866-8000
Facsimile:   (361) 866-8039

*Attorneys for Defendant*
*The Terminix International Company Limited Partnership*

Certificate of Service

I hereby certify that a true and correct copy of the foregoing instrument was served upon the parties listed below by the method(s) indicated on January 30, 2020.

Roel Gutierrez
State Bar No. 24069842
Ezequiel Reyna, Jr.
State Bar No. 16794798
Law Offices of Ezequiel Reyna, Jr., P.C.
702 W. Expressway 83, Suite 100
Weslaco, Texas 78596
956-968-9556 Phone
956-969-4171 Fax
*Attorneys for Plaintiff*

/s/ *Richard W. Crews, Jr.*
Richard W. Crews, Jr.